```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

DARRYL D. DEAN,                          No. 21-6315 (NLH) (MJS)

        Plaintiff,

  v.                                     OPINION

JUSTIN LENART, et al.,

        Defendants.

APPEARANCE:

Darryl D. Dean
74264
Burlington County Jail
P.O. Box 6000
Mount Holly, NJ 08060

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Darryl D. Dean, presently incarcerated in the Burlington County Jail in Mount Holly, New Jersey, seeks to bring a complaint against Defendants Police Trooper Justin Lenart, Assistant Prosecutor Mark Westfall, defense attorney Michael Smolensky, and Judge Philip Haines pursuant to 42 U.S.C. § 1983. See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

1

For the reasons set forth below, the Court will dismiss the complaint without prejudice and grant Plaintiff leave to amend.

I.   BACKGROUND

According to the complaint, Plaintiff was traveling southbound on Route 295 on September 5, 2019[1] when Defendant Lenart pulled him over for speeding.  ECF No. 1 at 6.  Defendant Lenart then "claimed to smell burnt marijuana" and took Plaintiff out of his car and handcuffed him.  Id. at 5. Defendant Lenart read Plaintiff his rights then asked Plaintiff if he "had anything to harm [Defendant Lenart] on [his] person." Id.  Plaintiff responded that he had a weapon, and Defendant Lenart arrested him.  Id.

Defendant Westfall obtained a two-count indictment against Plaintiff on November 19, 2019.  Id. at 6.  A grand jury added an additional count in a superseding indictment on January 16, 2020.  Id.  Plaintiff states:

> Based off the Facts [of] my case I was supposed to have been Clocked doing 97 mph on Highway 295 but yet Trooper Lenart has no [solid] proof other than His word and on June 29th 2020 a suppression motion was filed on my behalf and on August 24, 2020 my rights were violated by Judge Philip E. Haines when he denied my motion on the matter. He violated my 4th amendment right.  On Sept. 11, 2020 I filed a reconsideration of the Denial to My Motion to Suppress due to the Fact that Defense Attorney Smonlensky left out valid evidence by the Private

---

[1] Plaintiff does not specify the year of the traffic stop, but the Court presumes it was 2019 based on Plaintiff's later assertion that the indictment was handed down on November 19, 2019.  ECF No. 1 at 6.

2

>    Investigator with regards to the traffic stop that shows I was not speeding.

Id.  Plaintiff asks the Court to criminally charge Defendants for "violating my sovereign rights and also no hold up there [sic] ability to represent their oaths to abid[e] by the laws of the Constitution."  Id.  He also requests damages for the time spent in county jail.  Id. at 7.

II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is in forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014)

3

(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff asks the Court to file criminal charges against Defendants for violating his rights. ECF No. 1 at 6. "[T]he Court does not have the power to bring criminal charges. The ability to bring criminal charges lies solely with the prosecutors in the executive branches of the state and federal governments. Therefore, all requests for prosecuting criminal claims against Defendants are dismissed." Bethea v. Casino, No. 15-7290, 2016 WL 7424116, at *3 (D.N.J. Dec. 23, 2016).

A. Immunity

Plaintiff claims Defendant Haines violated his Fourth Amendment rights by denying Plaintiff's motion to suppress and motion for reconsideration. ECF No. 1 at 6. These claims are barred by judicial immunity. "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Mireles v. Waco, 502 U.S. 9, 11 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his

4

authority[.]" Stump v. Sparkman, 435 U.S. 349, 356 (1978). See also Gallas v. Supreme Court of Pa., 211 F.3d 760, 769 (3d Cir. 2000) ("[I]mmunity will not be lost merely because the judge's action is 'unfair' or controversial."). "[Judicial] immunity is overcome in only two sets of circumstances." Mireles, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial acts, i.e., actions not taken in the judge's judicial capacity." Id. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 12.

Defendant Haines' rulings on Plaintiff's motion to suppress and motion for reconsideration qualify as "judicial acts" because ruling on motions is a function normally performed by judges. See Stump, 435 U.S. at 362. Additionally, Defendant Haines ruled on Plaintiff's motions as part of his duties as the presiding officer of Plaintiff's criminal trial. Therefore, Defendant Haines is immune from suit based on these actions, and the Court will dismiss the claims against him with prejudice.

Construing Plaintiff's allegations against Defendant Westfall that he sought and obtained indictments against Plaintiff as malicious prosecution claims, Defendant Westfall is also immune from suit. "The decision to initiate a prosecution is at the core of a prosecutor's judicial role." Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992) (citing Imbler v.

5

Pachtman, 424 U.S. 409, 430-31 (1976)).  See also Burns v. Reed, 500 U.S. 478, 486 (1991); Fogle v. Sokol, 957 F.3d 148, 160 (3d Cir. 2020).  "A prosecutor is absolutely immune when making this decision, even where he acts without a good faith belief that any wrongdoing has occurred."  Kulwicki, 969 F.2d at 1464.  Therefore, Plaintiff's malicious prosecution claims against Defendant Westfall will be dismissed with prejudice.[2]

B.   Defendant Smonlensky

The Court will also dismiss Plaintiff's claim against Defendant Smonlensky, his defense attorney, for failing to provide Plaintiff with discovery.  ECF No. 1 at 6.  To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).  Defense attorneys, whether employed as public defenders or privately retained, are "not state actors under § 1983 when they 'perform[] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'"  Rambert v. Dist. Att'y Philadelphia, No. 20-1593, 2022 WL 205416, at *1 (3d Cir. Jan.

---

[2] Even if absolute immunity did not apply, Plaintiff has not satisfied the requirements for a malicious prosecution claim. He has not alleged that his criminal proceedings ended without a conviction.  Thompson v. Clark, 142 S. Ct. 1332, 1341 (2022).

6

24, 2022) (per curiam) (quoting Polk County v. Dodson, 454 U.S. 312, 325 (1981)) (alteration in original).  There are no facts that would support a reasonable inference that Defendant Smonlensky ever acted on behalf of the State during his representation of Plaintiff.  The Court will dismiss this claim without prejudice.

C. Defendant Lenart

Finally, the Court will dismiss Plaintiff's claims against Defendant Lenart.  Plaintiff states Defendant Lenart pulled him over for speeding, allegedly for going 97 mph, and then claimed to smell burnt marijuana in the car.  ECF No. 1 at 5-6.  Id. Plaintiff alleges Defendant Lenart violated his Second, Fourth, and Fifth Amendment rights, but the Court cannot reasonably infer a violation of Plaintiff's rights without more facts.

The Court starts with the vehicle stop.  The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  "A traffic stop, even if brief and for a limited purpose, 'constitutes a "seizure" of "persons" within the meaning of [the Fourth Amendment].'"  United States v. Hurtt, 31 F.4th 152, 158 (3d Cir. 2022) (quoting United States v. Clark, 902 F.3d 404, 409 (3d Cir. 2018)) (alteration in original) (footnote omitted).

7

"Traffic stops are classified as a type of Terry[3] stop, and may be initiated based on a reasonable suspicion that a traffic violation has occurred." United States v. Green, 897 F.3d 173, 178 (3d Cir. 2018). Plaintiff argues "Trooper Lenart has no [solid] proof other than His word" that Plaintiff was going 97 mph and "new evidence" showed he was not speeding. ECF No. 1 at 5-6. "The operative question is whether [Defendant] had a reasonable suspicion that [Plaintiff] was speeding, not whether [Defendant] could determine [Plaintiff's] exact speed." Green, 897 F.3d at 178. In other words, Plaintiff must allege facts that suggest Defendant Lenart did not have a reasonable suspicion that Plaintiff was speeding before Defendant Lenart pulled Plaintiff over.

New Jersey public highways, with some exceptions, have a speed limit of either 50 miles per hour or 65 miles per hour. N.J.S.A. § 39:4-98(c). For screening purposes, the Court will give Plaintiff the benefit of the higher speed limit and presume Route 295 had a 65 miles per hour the speed limit. "Logically, the more excessive a driver's speed, the less precise a measurement must be to establish reasonable suspicion that the driver is speeding at least to some degree." Green, 897 F.3d at 178. Plaintiff denies he was speeding and asserts there is no

---

[3] Terry v. Ohio, 392 U.S. 1 (1968).

8

proof other than Defendant Lenart's statement that he was going 97 miles per hour.  This is not sufficient to state a claim for an unreasonable stop, however.  A general denial of speeding does not mean that Defendant Lenart did not have a reasonable suspicion that Plaintiff was speeding.  Plaintiff must allege facts that would support an inference that it would have been unreasonable for Defendant Lenart to suspect Plaintiff was speeding.  The Court will dismiss this claim without prejudice but grant Plaintiff leave to amend this claim if he can allege facts that would support such an inference.

Plaintiff further claims Defendant Lenart violated the Fourth Amendment when he searched Plaintiff's vehicle.  ECF No. 1 at 5.  "An unreasonable extension occurs when an officer, without reasonable suspicion, diverts from a stop's traffic-based purpose to investigate other crimes."  Green, 897 F.3d at 179 (citing Rodriguez v. United States, 575 U.S. 348 (2015)).  "In short, we ask whether the mission of the traffic stop was continuously carried out before the discovery of evidence giving rise to a reasonable suspicion of criminality.  Any break in that mission taints the stop because it is the result of an unreasonable delay."  Hurtt, 31 F.4th at 159.

The Court cannot make this assessment on the facts provided.  Plaintiff states "I was pulled over for speeding, then the officer claimed to smell burnt marijuana and he briefly

9

took me out [of] my vehicle and claimed to be detainee [sic] me cuffed me then read me my rights . . . ." ECF No. 1 at 5. Without more information about the stop and sequence of events, the Court cannot determine whether Defendant Lenart was continuously carrying out the purpose of the traffic stop, investigating the alleged speeding, when he allegedly smelled marijuana in Plaintiff's car.  In fact, Plaintiff's allegations suggest such a sequence of events which would validate rather than invalidate Lenart's sequential actions.  The Court will dismiss this claim without prejudice, and Plaintiff may amend his claim by providing further information.

The Court will also dismiss Plaintiff's Fifth Amendment claims.  Defendant Lenart notified Plaintiff of his rights before asking Plaintiff if he had anything dangerous on his person.  ECF No. 1 at 5.  Assuming Plaintiff alleges that his subsequent admission that he had a weapon was coerced, "it is the use of coerced statements during a criminal trial, and not in obtaining an indictment, that violates the Constitution." Renda v. King, 347 F.3d 550, 559 (3d Cir. 2003).  Plaintiff has not alleged that his statements were used against him in his criminal trial, so he has not stated a claim for relief under § 1983.  See Ogrod v. City of Philadelphia, No. 21-2499, ___ F. Supp. 3d ___, 2022 WL 1093128, at *9 n.5 (E.D. Pa. Apr. 12, 2022).  This claim will be dismissed without prejudice.

10

Finally, the Court will dismiss Plaintiff's claim that Defendant Lenart violated his Second Amendment rights. "The Third Circuit has established a two-prong test that governs Second Amendment challenges[.]" Frein v. Pennsylvania State Police, 530 F. Supp. 3d 526, 533 (M.D. Pa. 2021). "'First, we ask whether the challenged law imposes a burden on conduct falling within the scope of the Second Amendment's guarantee. . . . . If it does, we evaluate the law under some form of means-end scrutiny. If the law passes muster under the standard, it is constitutional. If it fails, it is invalid.'" Id. (quoting United States v. Marzzarella, 614 F.3d 85, 89 (3d Cir. 2010)). Plaintiff does not indicate how Defendant Lenart allegedly violated the Second Amendment. He only alleges that Defendant Lenart read Plaintiff his rights "then asked me if I had anything to harm him on my person I explained I had a weapon on me and then I was arrested." ECF No. 1 at 5. This is not enough information to reasonably infer that Defendant Lenart violated Plaintiff's Second Amendment rights.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will grant leave to submit a proposed amended complaint as it is possible Plaintiff may be able to allege facts that would cure

11

the deficiencies in his complaint.  The proposed amended complaint will be subject to this Court's § 1915 review prior to service.  Failure to submit a proposed amended complaint within the time set by the Court may result in dismissal with prejudice.

Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the complaint, unless the relevant portion is specifically incorporated in the new complaint.  6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted).  The amended complaint may adopt some or all the allegations in the complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in and of itself. Id.

IV. CONCLUSION

For the reasons stated above, the claims against Defendants Westfall and Haines will be dismissed with prejudice.  The claims against Defendants Lenart and Smolensky will be dismissed without prejudice for failure to state a claim. An appropriate order follows.

Dated: June 17, 2022           s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.